UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL A. VIRTUE,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS RETIREMENT & FAMILY<br>PROTECTION PLAN, *et al.*,<br><br>    Defendants. | Civil Action No. 12-516 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Virtue has brought this action against the International Brotherhood of Teamsters Retirement and Family Protection Plan and the IBT itself relating to his pension eligibility. He now moves to amend the Complaint to join members of the Administrative Committee of the Plan as additional defendants. Current Defendants argue that the proposed amended Complaint is futile both because it fails to allege precisely what the Administrative Committee has done wrong and because the Committee is not a necessary party. Believing the proposed Amended Complaint is not futile, the Court will grant the Motion.

**I.    Legal Standard**

The proper procedural vehicle for adding defendants is by seeking leave to file an amended complaint under Federal Rule of Civil Procedure 15. See United States ex rel. Precision Co. v. Koch Indus., Inc., 31 F.3d 1015, 1018–19 (10th Cir. 1994) ("A motion to add a party is governed by Fed. R. Civ. P. 15(a)."). A plaintiff may amend his complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive

1

pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff must seek consent from the defendant or leave from the Court. The latter "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the proposed amendment would still render the complaint deficient, courts need not grant leave. See In re Interbank Funding Corp. Securities Litigation, 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

## II.     Analysis

Defendants contend that Plaintiff's Motion to Amend is futile and should thus be denied for three reasons. The Court will discuss each in turn. First, Defendants claim that Plaintiff has failed to allege how the members of the Administrative Committee are liable. Although the

proposed amended Complaint could have been worded more precisely so as to make clear what the Administrative Committee members themselves have done, the Court finds the pleading sufficient to give notice to those members of the claims made against them.

Title 29 U.S.C. § 1054(h) states that "[a]n applicable pension plan may not be amended so as to provide for a significant reduction in the rate of future benefit accrual unless the <u>plan administrator</u> provides the notice described in paragraph (2) to each applicable individual . . . ." (emphasis added). This section thus sets forth what Plaintiff must allege in order to state a claim against the Administrative Committee – namely, that the Administrative Committee or its members failed to provide the required notice.

Plaintiff's proposed amended Complaint alleges that "[n]either the IBT nor the Plan sent any notice of the reduction of benefits to such affected employees as, at a minimum, would be required under ERISA section 204(h), 29 U.S.C. § 1054(h)." <u>See</u> Mot., Attach. 2 (proposed amended Complaint), ¶ 18. Although Plaintiff does not specifically allege that the members of the Administrative Committee failed to provide notice, the allegation against those members is implied in the language of his proposed amended Complaint. In addition to naming the members of the Administrative Committee, Plaintiff defines the Committee as "the administrator [of the Plan] within the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A)." <u>Id.</u>, ¶ 5. As a result, the Court agrees with Plaintiff's contention that "the Plan can only operate through individuals and the members of the Administrative Committee are the individuals vested with that authority." Reply at 3. Because the Administrative Committee, <u>as the plan administrator</u>, failed to provide notice of the Amendment, as required by § 1054(h), Plaintiff has sufficiently alleged how the Administrative Committee is liable.

Second, Defendants claim that the amended Complaint is defective because it fails to establish that the Administrative Committee is subject to a cause of action.  See Opp. at 4. Plaintiff, however, asserts his claims against Defendants pursuant to § 1132(a)(3), which provides for a cause of action for any ERISA violation, including violations of § 1054(h).  See Proposed Amended Complaint, ¶¶ 16, 20, 22.  As noted above, the Administrative Committee, as the plan administrator, is the specific body capable of violating § 1054(h).  In addition, Defendants provide no authority that members of the Administrative Committee are not properly named as defendants in such a suit.  Plaintiff has, as a result, sufficiently established that the Administrative Committee is subject to a cause of action.

Finally, Defendants argue that amending the Complaint is unnecessary because Plaintiff already has a claim against existing parties that would afford him complete relief if he prevails. See Opp. at 5.  The standard for assessing whether amendment would be futile, however, is whether it would survive a motion to dismiss, not whether Plaintiff could obtain complete relief without it.  See Interbank Funding Corp., 629 F.3d at 218 ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss."); James Madison Ltd, 82 F.3d at 1099 ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

As noted above, Plaintiff has sufficiently alleged how the members of the Administrative Committee are liable and that those members are subject to a cause of action.  As such, the proposed amended Complaint states a claim to relief "that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).  Defendants' argument that existing parties could afford Plaintiff complete relief if he prevails may have merit, but it is not dispositive at this juncture.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) ("a

well-pleaded complaint may proceed even if it appears that … recovery is very remote and unlikely") (internal quotation omitted).  At this early stage, therefore, Defendants have not met their burden in persuading the Court to deny leave because they have not established that amendment would be futile.

### III.   Conclusion

For the foregoing reasons, the Court ORDERS that:

1. Plaintiff's Motion is GRANTED;

2. The proposed amended Complaint is deemed FILED; and

3. Defendants shall file a responsive pleading after service has been effected.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  September 27, 2012